Marian F. Harrison
US Bankruptcy Judge

Dated: 9/17/2015

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 312-09605 |
| MARY A. GORDON, ) | |
| ) | JUDGE MARIAN F. HARRISON |
| Debtor. ) | |
| ) | CHAPTER 7 |
| ) | |

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the debtor's expedited motion to convert her case from Chapter 7 to Chapter 11. For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52(a)(1), as incorporated by Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the motion should be denied.

**I. BACKGROUND**

The debtor, who is 80 years old and retired, filed a Chapter 7 petition on October 19, 2012. Prior to filing for bankruptcy protection, the debtor's son, Virgil Gordon, II, used the debtor to guarantee loans for his businesses, which were later dissolved. The debtor's son set up a trust on behalf of the debtor (with himself as beneficiary upon the debtor's death)

and was instrumental in the filing of her bankruptcy petition. At this point in the case, it is clear that the debtor's son did not have the debtor's best interest at heart and that his actions led to the debtor's financial crisis. The debtor testified that in 2012 she trusted her son and thought that he had the most business knowledge of her five children. The debtor is currently estranged from her son and testified that she has removed his name from any legal documents he was on and removed him from her will.

When the debtor divorced in 2007, she was granted possession of property located at 1304 South 43rd Street, San Diego, California, with an AutoZone store on the premises (hereinafter "AutoZone property"). The plan was for her to live off the rental proceeds from this property ($7872.17 a month) plus Social Security. However, because of her son, she now owes $6634.17 a month on the AutoZone property for one of her son's loans that she guaranteed.

The debtor has drafted a plan which provides that the debtor will sell her assets that, upon such sale, shall enable all of her creditors to be paid in full. At a minimum, the debtor plans to sell her interest in the AutoZone property, however, there is no current appraisal as to the value of that property.[1]

---

[1] According to the debtor, the Mortgage Company of Santa Barbara asserts a first priority lien in the amount of $838,000 on the AutoZone property. The debtor intends to object to the validity of the lien. If successful, the plan would treat this claim as unsecured.

The debtor proposes to pay unsecured creditors, with an aggregated claim of $1,110,583.36, 100% with 3% interest by the end of four years. Under the plan, a trust account would be opened and controlled exclusively by a disbursing agent, who has not been named or approved. Presumably, this account would include funds already collected by the Chapter 7 Trustee, approximately $750,000, as well as the debtor's future income. On the effective date, the disbursing agent would pay to unsecured creditors $300,000 from the trust account. The balance owed to unsecured creditors would then be paid through the sale of any remaining assets within a four-year period.

In addition to rental income from the AutoZone property ($7873.17), an annuity ($519.17), and Social Security ($374.00), the debtor proposes to draw $4000.00 a month from the trust account in order to meet her monthly expenses, which include personal expenses ($2843.00), a car payment ($697.88), the mortgage payment on her residence ($2460.43), and the mortgage payment on the AutoZone property ($6634.17). The 80-year-old debtor is retired and has no prospect of employment.

The Chapter 7 Trustee has liquidated the majority of the debtor's assets, and the only remaining asset with potential equity is the AutoZone property. PennyMac Loan Services, LLC, (hereinafter "PennyMac"), has a pending motion for relief on the debtor's residence, and it appears that the debtor owes more on the mortgage than the property is worth. The same appears to be true with regard to the debtor's vehicle.

3 - U.S. Bankruptcy Court, M.D. Tenn.


3 - U.S. Bankruptcy Court, M.D. Tenn.

## II. DISCUSSION

Section 706(a) of the Bankruptcy Code allows a debtor to convert a case from Chapter 7 to another chapter if the case has not previously been converted and the debtor is eligible to be a debtor under the chapter to which it is to be converted. The right to convert, however, is not absolute where cause may exist to convert or dismiss under the chapter to which the debtor seeks conversion or when denial of a conversion motion would serve to prevent "an abuse of process." ***Marrama v. Citizens Bank of Mass.,*** 549 U.S. 365, 372–75, 127 S. Ct. 1105, 1110–12 (2007).[2]

The debtor has the initial burden to show: (1) there has been no prior conversion in the case, (2) the debtor is eligible for relief under 11 U.S.C. § 109, and (3) conversion is to achieve a purpose permitted under the proposed chapter. ***In re Miller***, 496 B.R. 469, 477 (Bankr. E.D. Tenn. 2013) (citations omitted). The burden then shifts to the objecting party to establish "cause" by a preponderance of the evidence. ***Id.*** at 478 (citation omitted). The burden then shifts back "to the debtor to prove either the existence of 'unusual circumstances' or that there is a reasonable likelihood a plan will be confirmed and that any deficiencies in the case are reasonably justified and will be cured within a reasonable period of time." ***Id.*** (citation omitted).

---

[2]Although ***Marrama*** addressed the issue in connection with a conversion to Chapter 13, it applies equally to cases in which a debtor seeks to convert from Chapter 7 to Chapter 11. ***Levesque v. Shapiro (In re Levesque)***, 473 B.R. 331, 339 (B.A.P. 9th Cir. 2012).

The debtor met her initial burden, so the issue becomes whether cause or bad faith have been established. When determining whether a debtor should be allowed to convert a case from Chapter 7 to Chapter 11, courts consider the "for cause" factors set forth in 11 U.S.C. § 1112(b) or whether the debtor has acted in bad faith. *Id.* at 477 (citation omitted). In addition, courts analyze "whether the debtor has a business to reorganize as well as the debtor's assets, business operations, and whether a separate business infrastructure exists." *Id.* at 477 (citation and quotations omitted). "Other courts consider the purpose of a conversion and if the purpose is only to liquidate, which is more compatible with a Chapter 7 than a Chapter 11 case, conversion may not be appropriate." ***Proudfoot Consulting Co. v. Gordon (In re Gordon)***, 465 B.R. 683, 692 (Bankr. N.D. Ga. 2012) (citation omitted). "In each instance, though, the goal is to determine the benefits to all the parties." *Id.*

Unfortunately, the Court finds that cause to dismiss or convert under 11 U.S.C. § 1112(b)(4) does exist. First, the Court finds that there is a substantial or continuing loss to the estate. *See* 11 U.S.C. § 1112(b)(4)(A). The debtor is retired and there is no prospect of future employment. Under the proposed plan, the debtor would be withdrawing $4000.00 a month from the assets already liquidated by the Chapter 7 Trustee just to meet her living expenses and to service the secured debt, which is $9792.48 a month. If the AutoZone property is sold, the debtor will be all but dependent on the monthly draw from the trust account as her remaining income only totals $893.17. This is a plan of slow liquidation

5 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:12-bk-09605    Doc 154    Filed 09/18/15    Entered 09/18/15 08:14:53    Desc Main
Document      Page 5 of 7

rather than a plan of reorganization, and the continued diminution and the lack of a reasonable likelihood of rehabilitation constitutes cause.

In addition, even if the debtor were able to confirm a plan, there is little chance that she would be able to effectuate it. *See* 11 U.S.C. § 1112(b)(4)(M). There is no real proof as to the value of the AutoZone property nor is it clear as to how much of the proceeds would be available to pay unsecured creditors. Even if it were determined that the AutoZone property was free and clear of liens, the addition of the amount owed to the Mortgage Company of Santa Barbara to the class of unsecured creditors would almost double the total of unsecured debt. Moreover, with the sale of this property, a significant portion of the debtor's income will end. The debtor also believes that she will have enough equity in her home within the four year period to be able to refinance and use the funds to pay creditors if necessary. However, it appears from the debtor's statements and schedules that the house is worth less than the amount owed, and based on PennyMac's motion for relief, the debtor has not made monthly mortgage payments of $2460.43 beginning with the installment due on June 1, 2015. The plan does not provide for the arrearage, and it seems likely that PennyMac will get relief from the automatic stay regardless of whether the case is in Chapter 7 or Chapter 11. The possibility of the debtor attaining sufficient equity in her home to refinance and pay creditors is wishful thinking at best.

This is a sad situation, and the Court is sympathetic to the debtor. However, it is clear that allowing the debtor to convert her case to Chapter 11 will only delay the inevitable, and creditors have already had to wait almost three years to get paid.[3]

### III. CONCLUSION

For the foregoing reasons, the Court finds that the motion to convert should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

---

[3] Pursuant to ***Marrama***, the other consideration in addressing a motion to convert from Chapter 7 to Chapter 11 is whether "the debtor has acted in bad faith before seeking to convert, either during the Chapter 7 case or before the bankruptcy case." ***In re Sammut***, 486 B.R. 404, 407 (Bankr. E.D. Mich. 2012). In this case, there is no proof that the debtor has acted in bad faith. The true bad actor has been the debtor's son, and the Court hopes that the Chapter 7 Trustee will dismiss his action against the debtor under 11 U.S.C. § 727 so that the debtor may at least receive a discharge.

7 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:12-bk-09605    Doc 154    Filed 09/18/15    Entered 09/18/15 08:14:53    Desc Main
Document    Page 7 of 7